[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an affordable housing appeal, the final hearing on which was conducted by the court on October 28, 2003. The appellant, Acorn Homes, Inc., is appealing the decision of the appellee, Town of Brookfield Planning Commission, denying its subdivision application submitted for the purpose of constructing a multi-family affordable housing development at 30 Elbow Hill Road, Brookfield, Connecticut, known as Sommerset, which was filed by the appellant with the appellee on March 10, 2000. Record #2. (The 2000 proposal.) The site includes an inland wetlands area. Record #2, Sheet S-4, Record 237. The Appellant has acknowledged that approximately eight of the fifty-two acres comprising 6 percent of the site are wetlands. Record #63.
The 2000 proposal is the second subdivision application made for the site by the appellant. The first subdivision application was filed in 1989 and was for a larger residential development (the 1989 proposal). Although the appellee never approved the 1989 subdivision application, the appellant applied for and on July 31, 1990 obtained an Inland Wetlands Commission permit to construct the 1989 proposal. Record ## 59, 63 and 189.
The July 31, 1990 permit was conditioned on the project being "constructed in accordance with all final submission drawings through May 14, 1990 and subsequent revisions required by the approval conditions of the Inland Wetlands Commission" Record #59. A further condition of that approval was that "[u]nder no circumstances shall the plans of record be revised or constructed in a revised fashion without the written approval of the Inland Wetlands commission." Id.
In pursuance of the 2000 subdivision proposal, the appellant applied to the appellee for subdivision approval, but chose not to apply to the Inland Wetlands Commission for a wetlands permit, deciding instead, to inform the Inland Wetlands Commission of its intent to rely on its July 1990 permit which, by the terms of the Commission's last extension, CT Page 2887 expired a few months later on July 22, 2000. The appellant did not seek a further extension of the 1990 Inland Wetlands Commission permit, nor did it seek Commission approval of the differences between the plans on record with the Inland Wetlands Commission and the 2000 subdivision proposal. See, Record #59.
In response to the appellee's notice of intent to rely on the 1990 permit, the Inland Wetlands Commission replied that due to the: "differs in scope . . . (of the 2000 subdivision proposal as compared to the 1989 subdivision proposal) the Commission (has) determined that the permit previously granted has expired. It is the opinion of the Inland Wetlands Commission that the developers for Sommerset Affordable Housing need to reapply for a wetlands permit." Record #191. The differences cited by the Inland Wetlands Commission were changes which pose new wetlands issues, including changes in water volume, impervious area, post development sheet flow, unit location, and sewage treatment discharge.
While not dispositive as to the issue before the court, as noted above, by virtue of the last extension, the wetlands permit had not expired at the time the Inland Wetlands Commission responded to the appellant's notice of intent to rely of the 1990 wetlands permit.
The appellant has not appealed the decision of the Inland Wetlands Commission requiring an application for the 2000 proposal, nor did it seek an additional extension of the 1990 wetlands permit and this decision does not address those matters.
After numerous public hearings, the subject subdivision application was rejected on September 7, 2000, notice of the rejection was duly published on October 13, 2000 in the Danbury News Times, which was circulated in the Town of Brookfield. An amended submission application was made within fifteen (15) days of the publication. The appellant still did not make application to the Inland Wetlands Commission. The appellee conducted a public hearing on the amended application and on November 16, 2000 rejected it citing several reasons, to wit, the increased amount of impervious surface relative to the project's proximity to the Aquifer Protection Area, the lack of Inland Wetlands Commission review and approval of the proposed development plan, aesthetic concerns, run-off into the wetlands and emergency access concerns. Record #239.
The dispositive basis for the appellee's rejection of the appellant's subdivision application is the lack of Inland Wetlands Commission review and approval. The appellee's subdivision application instructions states that "this application is not complete without all the data and documents required under Subdivision Regulations of the Town of Brookfield." Record CT Page 2888 #12. The Subdivision Regulations of the town state that "[t]he application for approval of a plan of subdivision shall be accompanied by a copy of the approved map and the approval granted by the Inland Wetlands Commission if any part of the subdivision lies within the Commission's jurisdiction as determined by them. In the case where any part of the subdivision lies within a wetland and the Inland Wetlands Commission does not require an application from the subdivider, a letter from the Commission stating that decision shall accompany the letter." Town of Brookfield Planning Commission Subdivision Regulations § 3044. Moreover, even in the absence of this regulation, the appellee has no authority to approve a subdivision application to subdivide land which the appellant admits includes a wetland area if the applicant has not applied for inland wetlands commission approval, as our statutes provide that "[if] an application involves land regulated as an inland-wetland or watercourse . . . the applicant shall submit an application to the agency responsible for administering the inland-wetland and regulations no later than the day the application is filed for the subdivision or resubdivision. The appellant admits that it did not file the required application. The Commission shall not render a decision until the inland-wetlands agency has submitted a report with its final decision to the Commission. General Statutes § 8-26. The appellee was required by law to approve, modify and approve, or disapprove the subdivision application and render a decision within sixty days of the last hearing on the application. General Statutes §§ 8-26 and 8-26d. The failure of the commission to act constitutes an approval. General Statutes § 8-26. In making its decision the law required the appellee to give due consideration to the report of the Inland Wetlands Commission which in this case noted that an application had yet to be and was required to be made for a wetlands permit. General Statutes § 8-26.
Accordingly, the appellant properly denied the subdivision application for failure to seek review and approval of the 2000 subdivision plan from the Inland Wetlands Commission. The court need not address the other basis for the denial as the denial was proper. The denial is upheld.
 BY THE COURT Hon. Vanessa L. Bryant (C.N.)
CT Page 2889